[Crim. No. 4594. Second Dist., Div. One. May 24, 1951.]

THE PEOPLE, Respondent, v. FRANK EDWARD SWINEHART, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was charged with burglary and three prior convictions of felonies. A jury was waived. The defendant was adjudged guilty as charged; two of the alleged prior convictions of burglary were admitted. The appeal is from the judgment.

It is contended on appeal that the evidence is insufficient to support the judgment.

Defendant was accused of entering the home of one Charles M. Bill. It was established by Mr. Bill that the entry was without authority.

Quoting from appellant's opening brief: "Neva Swindle testified as a witness for the People that she resided at 10407 Annetta, South Gate. That this address was directly in back of 10406 Kaufman Avenue and the houses had a yard between them; that Mr. Bill was her father. That on June 26, 1940, while she was in her yard she heard a noise in her father's house. She went to the back door and it was locked, that her key was in the wash-house and when she looked into the house through the back door, and there was a man between the door and the dining room. That the defendant was that man. That about an hour previously she had noticed the man on Annetta Street almost to Michigan. That after she saw the man in the house she went to get her key and unlock the back door but she did not go in the house but went around to the front of the house and saw the defendant on the porch. The screen door was open at that time with the defendant just closing it. That she asked defendant what he was doing in the house and he denied being there. . . . That she then went in and called the police officers and noticed defendant walking up the street. That after she had talked to the police she went into the house to inspect it and noticed that the doors and cupboards of the highboy in the back bedroom were open and a jewelry box opened and dumped out and the bed was slightly mussed up. That she made this inspection about 15 or

20 minutes after she saw defendant. That she had never seen the defendant before that day. That when she saw him coming out of the front door he was between the door and the screen.''

Defendant was arrested a few minutes later a block or so down the street.

Defendant testified and denied entering the house and testified in substance that, ''He went to 10406 Kaufman Avenue in South Gate, went to the front door and opened the screen door and knocked on the door. That he got no answer to his knock so he turned around and was on the porch when a woman approached him and accused him of being in the house. . . . that the purpose of going there was to visit a relative whom he thought lived in South Gate.''

The testimony of the witness Neva Swindle and the defendant was substantially the same except the denial of the entry by defendant.

In the light of the record the evidence is abundantly sufficient to support the judgment which is, therefore, affirmed.

White, P. J., and Drapeau, J., concurred.